IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>HANGER, INC., VINIT ASAR, and GEORGE MCHENRY,<br><br>       Defendants. | Case No. 1:14-cv-01026-SS<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF LACKAWANNA COUNTY EMPLOYEES' RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL**

**I.     INTRODUCTION**

Lackawanna County Employees' Retirement Fund ("Lackawanna County"), respectfully submits this memorandum of law in support of its motion for: (i) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (ii) approval of Lackawanna County's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel and George Brothers Kincaid & Horton, L.L.P. ("GBKH") as Liaison Counsel for the Class.

Presently pending in this District is a securities fraud class action (the "Action") brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 15 U.S.C. § 78t(a), on behalf of purchasers of Hanger, Inc. ("Hanger" or the "Company") common stock between August 1, 2013 and August 7, 2014 (the "Class Period").  The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws.  The PSLRA requires a court to appoint as lead plaintiff the movant: (i) making a timely motion under the PSLRA's 60-day deadline; (ii) who asserts the largest financial interest in the litigation; and (iii) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Parker v. Hyperdynamics Corp.*, No. 4:12-cv-999, 2013 U.S. Dist. LEXIS 21767, at *5 (S.D. Tex. Feb. 19, 2013) (same).  Here, Lackawanna County submits that it should be appointed as lead plaintiff because: (i) Lackawanna County timely filed for appointment as lead plaintiff; (ii) to the best of its knowledge, Lackawanna County has the largest financial interest in this litigation; and (iii) Lackawanna County meets the applicable requirements under Rule 23.  *See* Section III.A-B, *infra*.

Moreover, as an institutional investor responsible for approximately $150 million dollars in assets, Lackawanna County is the prototypical lead plaintiff envisioned by Congress under the PSLRA, and its appointment would fulfill this critical legislative purpose. *See* H.R. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one") (citation omitted).

Finally, Lackawanna County has retained experienced and competent counsel to represent the class. Accordingly, Lackawanna County respectfully requests that its selection of Kessler Topaz as Lead Counsel and GBKH as Liaison Counsel for the Class be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) (providing that the Lead Plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class"); *see also In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

## II.   FACTUAL BACKGROUND

Hanger, a Delaware corporation headquartered in Austin, Texas, is a provider of orthotic and prosthetic ("O&P") products. Hanger receives a substantial portion of its revenues from the Medicare system, and as such, is subject to Recovery Audit Contractor ("RAC") audits, which are used to determine whether the Company is entitled to payment for claimed products and services.

The Action alleges that throughout the Class Period, Defendants made false and misleading statements, and failed to disclose material adverse facts about the Company's business and operations. Specifically, Defendants falsely downplayed the extent to which the increased frequency of RAC audits was delaying revenues and harming earnings.

On August 5, 2014, Hanger announced that it was delaying the release of its second quarter 2014 earnings. On this news, the price of Hanger common stock declined $1.88 per share, or nearly 6%, from a close of $31.75 per share on August 5, 2014, to close at $29.87 per share on August 6, 2014.

Then, on August 8, 2014, the Company disclosed that the RAC audits were causing an increase in the Company's accounts receivable balances, which was undermining revenues and earnings. Defendant Vinit Asar, the Company's President and Chief Executive Officer, explained that the audits were "lock[ing] up our funds" while administrative appeals of the audits were proceeding. As a result of these trends, Hanger's accounts receivable were rising, revenues were decreasing, and earnings overall were being significantly harmed. On this news, the price of Hanger stock declined $7.39 per share, or nearly 25%, from a close of $29.87 per share on August 7, 2014, to close at $22.48 per share on August 8, 2014.

## III.   ARGUMENT

### A.   Lackawanna County Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the court to

be appointed as lead plaintiff within sixty days of the publication of the notice.  *Id*. § 78u-4(a)(3)(A)(i).  Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members.  *See id*. § 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii); *see also Hyperdynamics*, 2013 U.S. Dist. LEXIS 21767, at *5 (paraphrasing same).

### i.   Lackawanna County Has Timely Moved for Appointment as Lead Plaintiff

Here, the Action was filed on November 12, 2014 and the relevant notice was published that day in *Marketwired*.  *See* Declaration of Mark L. Kincaid in Support of the Motion of Lackawanna County Employees' Retirement Fund for Appointment as Lead Plaintiff and Approval of its Selection of Counsel ("Kincaid Decl."), Ex. A.  Thus, January 12, 2015 is the deadline for class members to seek appointment as lead plaintiff.  *See* 15 U.S.C. § 78u-

4

4(a)(3)(A)-(B).  Lackawanna County has timely moved this Court for appointment as Lead Plaintiff on behalf of all members of the class.

### ii. Lackawanna County Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Lackawanna County suffered a loss of approximately $82,003 under a last-in first-out ("LIFO") analysis.  Kincaid Decl., Exs. B & C; *see also Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 U.S. Dist. LEXIS 79288, at *9 (S.D.N.Y. May 31, 2012) (noting that the "trend both in this district and nationwide has been to use LIFO to calculate such losses").  Moreover, Lackawanna County purchased 5,100 shares of Hanger common stock during the Class Period and retained all of those shares throughout the remainder of the Class Period, at a cost of approximately $194,288.   Kincaid Decl., Exs. B & C; *see also Hyperdynamics*, 2013 U.S. Dist. LEXIS 21767, at *6-7 (stating the four financial interest factors set forth in *Lax v. First Merchs. Acceptance Corp.*, Nos. 97 Civ. 2715, *et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997)).[1]  To the best of its knowledge, Lackawanna County has the largest financial interest in this matter.

### iii. Lackawanna County Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (i) the class is so numerous that joinder of all members is

---

[1]   The four "*Lax* factors" are: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs."  *Id.* (citing *Lax*, 1997 U.S. Dist. LEXIS 11866, at *17).

5

impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class.  Of these requirements, only a "preliminary showing" of typicality and adequacy is required at this stage of litigation.  *Hyperdynamics*, 2013 U.S. Dist. LEXIS 21767, at *8.

### a.     Lackawanna County is Typical

The typicality requirement is satisfied when the "claims arise from a similar course of conduct and share the same legal theory" such that the movant's claims have the "same essential characteristics" as those of the class.  *Id.* at *9 (citation omitted).  Lackawanna County satisfies this requirement because, just like all other proposed class members, Lackawanna County purchased Hanger common stock during the Class Period in reliance upon Defendants' false and misleading statements and suffered damages thereby.  Thus, Lackawanna County's claims arise from the same factual predicate and involve the same legal arguments as those of the other class members.  Accordingly, Lackawanna County is typical.  *See id*.

### b.     Lackawanna County is Adequate

The adequacy element of Rule 23 is satisfied upon a preliminary showing of the following: (i) "the zeal and competence of the [movant's] counsel," (ii) "the willingness and ability of the [movant] to take an active role in and control the litigation and to protect the interests of absentees," and (iii) that the movant is an "active, able class representative[] who [is] informed and can demonstrate [that it is] directing the litigation."  *Id.* at *9-10 (citation omitted).

Lackawanna County is adequate because its substantial interest in pursuing claims against Defendants—as evidenced by its significant losses as a result of its investments in Hanger common stock—is aligned with the interests of the members of the class who were

similarly harmed as a result of Defendants' false and misleading statements.  There is no potential conflict between Lackawanna County's interests and those of the other members of the class.  Moreover, Lackawanna County has duly signed a Certification under the PSLRA stating that it will actively monitor and vigorously pursue this Action for the benefit of the class.  *See* Kincaid Decl., Ex. B.

In addition to satisfying the typicality and adequacy requirements of Rule 23, the appointment of Lackawanna County also fulfills a critical legislative goal underlying the enactment of the PSLRA—encouraging sophisticated institutions with large financial interests to serve as lead plaintiff.  "[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one."  *Glauser*, 236 F.R.D. at 188 (citation omitted); *see also* H.R. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Lackawanna County, which is responsible for overseeing approximately $150 million in assets on behalf of full-time employees of Lackawanna County, Pennsylvania, is the ideal lead plaintiff envisioned under the PSLRA.  *See, e.g.*, *Glauser*, 236 F.R.D. at 188 (concluding that the institutional investor movant in that case was "precisely the type of sophisticated institutional investor that Congress and this Court have recognized as being ideally suited to control this type of securities class action litigation").

Further, as demonstrated below, Lackawanna County's proposed counsel is qualified, experienced, and able to conduct this complex litigation in an efficient, effective, and professional manner.

### B. Lackawanna County's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Hyperdynamics*, 2013 U.S. Dist. LEXIS 21767, at *11; *see also Cohen*, 586 F.3d at 712 ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Here, Lackawanna County has selected and retained Kessler Topaz to serve as Lead Counsel and GBKH as Liaison Counsel for the Class. Lackawanna County's selection of counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Kincaid Decl., Ex. D. Kessler Topaz is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-1335-B (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litig.*, No. 09-MDL-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions, including: *In re JPMorgan Chase & Co. Securities Litigation*, No. 12-3852-GBD (S.D.N.Y.); *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Financial Corporation, et al.*, No. 14-civ-81057-WPD (S.D. Fla.); and *In re HP Securities Litigation*, No. 12-cv-5980-CRB (N.D. Cal.).

Kessler Topaz's commitment to zealous representation is evident from its success in obtaining the largest damage award in Delaware Chancery Court history. *See In re S. Peru*

*Copper Corp. Derivative Litig.*, No. 961-CS (Del. Ch.) ($1.3 billion judgment).  The *Southern Peru Copper* litigation involved a trial before Chancellor Leo E. Strine, Jr.  After trial, defendants appealed to the Delaware Supreme Court, where Kessler Topaz successfully argued that Chancellor Strine's judgment should be affirmed in its entirety.  *See Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Additionally, GBKH has substantial experience litigating complex actions and is well qualified to represent the Class as Liaison Counsel.  *See* Kincaid Decl., Ex. E.

Accordingly, Kessler Topaz and GBKH are fully qualified to serve as Lead and Liaison Counsel.  Lackawanna County's selection of counsel should therefore be approved.

## IV.  CONCLUSION

For the reasons stated herein, Lackawanna County respectfully requests that the Court appoint Lackawanna County as Lead Plaintiff, approve Lackawanna County's selection of Kessler Topaz as Lead Counsel and GBKH as Liaison Counsel for the Class, and grant such other relief as the Court may deem just and proper.

DATED:  January 12, 2015                             Respectfully submitted,

                                                                **GEORGE BROTHERS KINCAID & HORTON, L.L.P.**

                                                                */s/ Mark L. Kincaid*
Mark L. Kincaid (Bar Card No. 11431300)
1100 Norwood Tower
114 West 7th Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094
mkincaid@gbkh.com

*Proposed Liaison Counsel for the Class*

9

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Naumon A. Amjed (*pro hac vice* pending)
Darren J. Check (*pro hac vice* pending)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com

*Counsel for Lackawanna County Employees' Retirement Fund and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2015, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

/s/ *Mark L. Kincaid*
Mark L. Kincaid (Bar Card No. 11431300)