UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>HANGER, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 1:14-cv-01026-SS<br><br>CLASS ACTION<br><br>The Honorable Sam Sparks |

**ALASKA ELECTRICAL PENSION FUND'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

1000160_1

**I.     INTRODUCTION**

On January 12, 2015, three motions for appointment as lead plaintiff were filed by the following movants: (1) Alaska Electrical Pension Fund (the "Pension Fund"); (2) City of Pontiac General Employees' Retirement System and City of Pontiac Police and Fire Retirement System ("Pontiac"); and (3) Lackawanna County Employees' Retirement Fund ("Lackawanna"). Dkt. Nos. 17, 15 and 16, respectively. The Pension Fund submits this brief in opposition to the two competing motions for appointment as lead plaintiff filed by Pontiac and Lackawanna. The Pension Fund should be appointed Lead Plaintiff because it is the most adequate plaintiff to represent the class, having suffered the largest financial loss as a result of its purchases of Hanger, Inc. ("Hanger") securities during the Class Period (August 1, 2013 through August 7, 2014, inclusive), and otherwise satisfying the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. §78u-4(a)(3)(B)(iii). Pontiac's and Lackawanna's motions should be denied in their entirety as they do not possess the largest financial interest in the relief sought by the class, and therefore, do not meet the PSLRA's lead plaintiff requirements.

**II.    DISCUSSION**

**A.     The Pension Fund Is the Most Adequate Plaintiff to Serve as Lead Plaintiff**

In determining which class member should be appointed lead plaintiff, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> *     *     *
>
>> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 1 -

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Pension Fund suffered the largest financial loss as a result of its purchases of Hanger securities and satisfies the requirements of Rule 23, and therefore, is presumptively the most adequate plaintiff.

### 1. The Pension Fund Has the Largest Financial Interest in the Relief Sought

The losses suffered by the three respective movants are as follows:

| MOVANT | LOSSES |
| --- | --- |
| The Pension Fund: | $249,348 |
| Lackawanna: | $82,003 |
| Pontiac: | $66,756 |

The Pension Fund clearly suffered the largest loss of any of the other movants.  In fact, the Pension Fund suffered a greater loss than the remaining two movants *combined*.  As a result, there can be no dispute that the Pension Fund possesses the largest financial interest in the relief sought by the class.

### 2. The Pension Fund Satisfies the Requirements of Rule 23

The PSLRA also requires that the presumptive lead plaintiff satisfy the requirements of Rule 23.  Thus, the lead plaintiff's claims must be typical of the class's claims and the lead plaintiff must adequately represent the interests of the class.  Fed. R. Civ. P. 23(a)(3)-(4).  The Pension Fund's claims involve the same course of conduct and the same operative facts which damaged the entire class and there can be no dispute that its claims are typical of the claims of the class.

In addition, the Pension Fund is adequate to serve as lead plaintiff.  The Pension Fund suffered substantial losses and it has signed a sworn certification demonstrating its willingness and ability to represent the class as lead plaintiff.  Moreover, the Pension Fund has retained counsel experienced in securities litigation and well-suited to prosecute this action on behalf of the class.

Consequently, the Pension Fund is adequate to represent the interests of the class in this litigation as lead plaintiff.

In fact, the Pension Fund, as the movant with the largest financial interest in the relief sought by the class, and which also otherwise satisfies the requirements of Rule 23, is presumptively the ***most adequate*** plaintiff to represent the class in this case. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Universal Access, Inc.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002).

In addition to having the largest financial interest in the litigation and having made the *prima facie* showing of adequacy and typicality, the Pension Fund is an institutional investor, which is the paradigmatic investor that Congress envisioned would lead securities class actions like this one. *See, e.g.*, *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997)("through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors"); *Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 281 (N.D. Tex. 2001) (noting that "Congress intended [institutional investors] to step forward to lead securities class actions"). Because the Pension Fund is an institutional investor, it is the movant most like that which Congress preferred to lead this securities fraud class action.

**B.    The Remaining Movants Cannot Rebut the Presumption that the Pension Fund Is the Most Adequate Plaintiff**

The remaining movants (Pontiac and Lackawanna) both suffered losses less than those suffered by the Pension Fund. Since they have suffered significantly smaller financial losses, they cannot be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B).

Furthermore, in order to rebut the presumption that the Pension Fund is the most adequate plaintiff, and should be appointed lead plaintiff, the competing movants must present ***proof*** that the Pension Fund is subject to unique defenses or cannot adequately represent the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Gluck*, 976 F. Supp. at 547 ("There is, of course, a marked difference between affirmatively demonstrating that [the presumptively most adequate plaintiff] is

- 3 -

not an adequate representative or is subject to unique defenses and simply claiming that [the presumptively most adequate plaintiff] ***might be*** subject to such arguments in the future.") (emphasis in original). The remaining movants cannot do so. As set forth above, the Pension Fund will adequately represent the interests of all the class members. As a result, aside from not having the greatest financial interest in the litigation, the remaining movants cannot rebut the presumption that the Pension Fund is the most adequate plaintiff, and, as such, the remaining movants cannot be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730-32 (9th Cir. 2002) (if the movant with the largest financial interest also satisfies Rule 23, and the presumption is not rebutted, that movant ***must*** be appointed lead plaintiff).

### III. CONCLUSION

The Pension Fund respectfully requests that the Court: (1) deny the motions of Pontiac and Lackawanna to be appointed lead plaintiff in their entirety; (2) grant the Pension Fund's motion to be appointed as lead plaintiff; and (3) approve the Pension Fund's choice of Robbins Geller Rudman & Dowd LLP as lead counsel and Kendall Law Group, LLP as local counsel.

DATED: January 20, 2015  Respectfully submitted,

KENDALL LAW GROUP, LLP
JOE KENDALL (State Bar No. 11260700)
JAMIE J. McKEY (State Bar No. 24045262)

s/ Joe Kendall
JOE KENDALL

3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com
jmckey@kendalllawgroup.com

[Proposed] Liaison Counsel

- 4 -

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        DANIEL S. DROSMAN
        LUKE O. BROOKS
        TRICIA L. McCORMICK
        655 West Broadway, Suite 1900
        San Diego, CA  92101
        Telephone:  619/231-1058
        619/231-7423 (fax)
        dand@rgrdlaw.com
        lukeb@rgrdlaw.com
        triciam@rgrdlaw.com

        [Proposed] Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing was served upon its filing via this Court's CM/ECF system on this 20th day of January 2015 to all counsel of record.

/s/ Joe Kendall_____
JOE KENDALL

# Mailing Information for a Case 1:14-cv-01026-SS City of Pontiac General Employees' Retirement System v. Asar et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Paul R. Bessette**
  pbessette@kslaw.com,jworsham@kslaw.com,ccisneros@kslaw.com

- **Michael J. Biles**
  mbiles@kslaw.com,kbryan@kslaw.com,jworsham@kslaw.com

- **Gerald Thomas Drought**
  gdrought@mdtlaw.com,rboan@mdtlaw.com,kmilligan@mdtlaw.com

- **Avi Josefson**
  avi@blbglaw.com,matthew.mahady@blbglaw.com,errol.hall@blbglaw.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Mark L. Kincaid**
  mkincaid@gbkh.com,cgonzalez@gbkh.com

- **Jamie Jean McKey**
  jmckey@kendalllawgroup.com,bgribble@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Gerald H. Silk**
  jerry@blbglaw.com,matthew.mahady@blbglaw.com,errol.hall@blbglaw.com

- **James P. Sullivan**
  JSullivan@kslaw.com,kbryan@kslaw.com,jworsham@kslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)